Treat v. Sutliff.

## H. B. TREAT v. GEORGE SUTLIFF.

MECHANIC'S LIEN; *No Cause of Action.* T. made a contract with P. to plant, grow, cultivate and train a hedge on a quarter-section of land belonging to P., and commenced the work. The contract stipulated for a partial payment when the work was partly done. Thereafter, P. conveyed that land to S., who purchased with knowledge of the contract. T., filing lien papers, commenced an action against S. to foreclose a mechanic's lien. The jury rendered a general verdict for the defendant, and in addition, found in answer to a particular question that T. had not yet completed his contract. *Held,* That as no action to foreclose a mechanic's lien will lie until sixty days after the completion of the improvement, and as S. was not personally liable on the contract, the judgment for defendant must be affirmed, and that irrespective of any question of error in other matters.

### *Error from Atchison District Court.*

ACTION brought by *Treat* against *Sutliff*, to foreclose a certain lien. The facts are stated in the opinion. Trial at the June Term, 1879, of the district court, and judgment for the defendant. The plaintiff brings the case here.

Treat v. Sutliff.

*Greenlee & Jackson,* for plaintiff in error.

*A. F. Martin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, on the 26th day of March, 1879, filed his petition in the district court in and for Atchison county, against the said defendant, George Sutliff, for the purpose of foreclosing a lien against certain real estate claimed by · defendant, as grantee, under one James Preston. The lien accrued, as plaintiff claims, under a contract made in the year 1870, between said Preston, the owner of the land, and the plaintiff. By said contract, plaintiff agreed to plant, grow, cultivate and train about 240 rods of hedge on the farm of said Preston, to wit: On and along the north line and on and along the north half of the east line of the N. E. ¼ of sec. 1, T. 6, R. 19, Atchison county, Kansas; such hedge to be set in the spring of 1870, and to be trimmed and cultivated until the same would turn ordinary stock, the said Preston agreeing to pay therefor one and twenty-five one-hundredths ($1.25) dollars per rod, and to pay the same when three-fourths of said hedge would turn ordinary stock, and the balance when completed. Said petition further alleged that, on the 18th day of March, 1874, defendant Sutliff purchased said farm, entered into possession thereof, and with notice of such contract and of the material furnished and work and labor performed by the plaintiff thereunder; that on the 25th day of November, 1878, plaintiff completed said hedge, and within four months thereafter filed his lien, affidavit and claim, in the proper office, and praying for judgment on such lien.

Defendant answered with a general denial, plea of the statute of limitations, and other defenses. The case was tried by a jury. Verdict and judgment for defendant, and plaintiff alleges error. The errors alleged are in the instructions given and refused, and in submitting certain special questions to the jury.

The last question submitted, the propriety of which is unchallenged, was this: "If plaintiff completed and performed his contract, at what date did he complete it?" The answer returned was this: "It has not been completed." In other words, in an action on a contract and to enforce a mechanic's lien, besides a general verdict for defendant, the jury specifically say that the plaintiff has not completed his contract. It seems to us this answer avoids the necessity of inquiry as to most of the matters discussed by counsel, for if the contract was not completed the action was premature. It is true the contract stipulates for a partial payment when three-fourths of the hedge should turn ordinary stock, but the defendant was no party to such contract. Preston was the only party personally liable thereon, and against whom a personal judgment could have been obtained. Defendant's property was sought to be charged with a lien under the mechanic's lien law, but that law provides that the owner shall not be liable to an action until sixty days after the completion of the work. (Comp. Laws 1879, p. 689, § 631; *Perry v. Conroy*, 22 Kas. 716.) Now it matters little what errors, if any, appear in the record so long as it affirmatively appears that no cause of action existed, or that the action was prematurely brought. Hence it is unnecessary to consider whether the law as laid down in the instructions was correct. At least this is true so far as it relates to any instructions not bearing upon the question of the completion of the contract. We see nothing touching upon this question calling for any notice. So far as the question of fact is concerned, there was testimony in abundance to sustain the finding of the jury. We conclude, therefore, that it appearing that the action was prematurely brought, the judgment must be affirmed.

VALENTINE, J., concurring.

HORTON, C. J., not sitting.